PEOPLE ex rel. GAFFIGAN v. RICKERSON, City Comptroller.

(Supreme Court, Appellate Division, Third Department. December 7, 1900.)

MANDAMUS—SCHOOL COMMISSIONERS—CITY ENGINEER— SCHOOL JANITOR—AP-
POINTMENT.

A board of school commissioners, acting under Laws 1892, c. 80, § 2,
providing that such board shall have the custody and safe-keeping of
school houses, appointed a janitor for a certain school, while the city en-
gineer, acting under Laws 1898, c. 182, directing that he shall act as
superintendent of public buildings and employ subordinates, which act re-
pealed acts inconsistent therewith, appointed a janitor for the same school.
Both appointees claim to have acted as janitor. *Held*, that mandamus is
not the proper proceeding to determine who is entitled to the office.

Appeal from special term.

Application for mandamus by the people, on the relation of Wil-
liam Gaffigan, against Le Roy Rickerson, as comptroller of the
city of Troy, directing him to pay relator a salary draft for services
as janitor, issued by direction of the board of school commissioners
of the city of Troy. From an order directing a peremptory man-
damus to issue, defendant appeals. Writ quashed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS,
MERWIN, and SMITH, JJ.

Thomas S. Fagan, for appellant.
Edward Murphy, 2d, for respondent.

KELLOGG, J. The relator was appointed in February, 1900, by
the board of school commissioners of the city of Troy, to the place
of janitor in school building No. 3 in that city. The city engineer,
for the same term, appointed one Thomas Humes to fill the same
position, and he presented to the defendant a salary draft for serv-
ices for the same month in the same building. The defendant does
not know which draft to pay or certify to be paid. The board of
school commissioners claim the right to make this appointment
under subdivision 5, § 2, c. 80, Laws 1892, which, so far as an authori-
zation, reads, "That the said board of school commissioners shall
have the custody and safe keeping of the school houses, out houses,
books and furniture." From this the school commissioners deduce
an authority to appoint janitors. The city engineer claims that by
the provisions of section 132 of the charter applicable to cities of
the second class (chapter 182, Laws 1898) this authority to the
school commissioners—whatever it may be as incident to the au-
thority for the safe-keeping of the school houses—was repealed, and
in its place the authority is conferred upon him, the city engineer.
The language is: "He shall act as the superintendent of public
buildings. * * * He shall employ such subordinates to serve
during his pleasure, and shall have such other assistance as the
board of estimate and apportionment shall prescribe." The repeal-
ing clause of this act repeals all acts and parts of acts inconsistent
therewith. That the school houses of the city of Troy are here
placed in his "custody and safe-keeping" it seems to me is very
clear. That they are by this act taken away from the "custody

and safe-keeping" of the school commissioners follows as a natural result. What authority, then, is left in the board of school commissioners to appoint janitors? It seems to me there is no language left conferring it; none conferring such power in words or inferentially. "The department of public instruction shall continue as provided by law," but shorn somewhat of its duties and powers as by the charter provided, touching purchase of supplies and custody of school houses, etc. Counsel for the relator urges upon the court a settlement of this question: In whom is the power to appoint janitors vested? If that question can be properly raised and can be disposed of in an application for a peremptory mandamus, enough has been said, I think, to dispose of it. This, I think, is not a proper case, in any event, for the issuance of a peremptory mandamus. The relator's rights, so far from being clear to the possession of the office, are put directly in question; and, until determined in a proper manner by a trial, the comptroller refuses, and it is his duty to refuse, to countersign the salary draft. The refusal is not capricious. It is based upon very good grounds,—the relator is not janitor. There are other denials of fact which cannot be disposed of in an application for peremptory mandamus. There is a denial that the relator performed the service of janitor for the month of March. I do not think the pay roll signed by the school board settles that question conclusively, and puts it beyond inquiry on the part of the comptroller. In like manner, Thomas Humes presents his draft, certified by another board, for this same salary. Surely, both of these are not conclusive upon the comptroller. If one is open to inquiry, both should be. Both cannot be right, for there is only a single salary to be paid, and only one man really served as janitor, though two men claim to have done so, each claiming the right to so serve. It hardly requires more than a bare statement of the case to show that mandamus is not the proper remedy. A trial must be had before these questions can be settled.

The writ should be quashed, but without costs, as the questions involved are new. All concur.